UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE TUDOR CONDOMINIUM TRUST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM F. ACHTMEYER, et al., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 24-11762-FDS |

MEMORANDUM AND ORDER ON
MOTION FOR MEMORANDUM OF LIS PENDENS

**SAYLOR, C.J.**

On May 29, 2024, plaintiff the Tudor Condominium Trust brought an in-rem action to enforce a lien for unpaid condominium expenses against defendants William F. Achtmeyer and Allison G. Achtmeyer and certain parties in interest, First Citizens Bank and Trust Company, the United States Internal Revenue Service, and the City of Boston Collector of Taxes. (ECF 11 Ex. A at 1-2). The property at issue in the case is 34 ½ Beacon Street, Unit 14, Boston, Massachusetts. (*Id.* at 4).

The United States removed the case and counterclaimed to enforce a federal tax lien on the property. (ECF 1; ECF 12).[1] The United States also moved under Mass. Gen. Laws. ch. 184 § 15(b) for approval of a memorandum of *lis pendens* as to the property. (ECF 13).

In Massachusetts, a memorandum of *lis pendens* is a notice recorded in the chain of title of real property that signifies there is a "suit pending" constituting a claim on the property. *See*

---

[1] The Achtmeyers have defaulted on the counterclaim. (ECF 26).

*Wolfe v. Gormally*, 440 Mass. 699, 702-03 (2004). Upon the motion of a party, "if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse" the memorandum. Mass. Gen. Laws ch. 184, § 15(b). That language is mandatory and affords judges little discretion when the action concerns an interest in real property. *See DeCroteau v. DeCroteau*, 90 Mass. App. Ct. 903, 905 (2016).

Nonetheless, there are statutory requirements that must be satisfied before a *lis pendens* memorandum may be granted. *See id.* at 905-06. The party seeking the memorandum must commence an underlying proceeding with a verified or certified complaint, the facts in the complaint must be true, and no material facts may be omitted. Mass. Gen. Laws ch. 184, § 15(b).

The Court finds that the counterclaim of the United States is a certified complaint that affects the title to the property located at 34 ½ Beacon Street, Unit 14, Boston, Massachusetts. The Court further finds that the attorney declarations in support of the counterclaim and motion for *lis pendens* satisfy the other statutory prerequisites.

Accordingly, the Court GRANTS the motion of the United States and will ENDORSE the memorandum of *lis pendens*.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  December 6, 2024    Chief Judge, United States District Court